SOTERO HERNÁNDEZ LEBRÓN ET AL., Petitioners and Appellants, *v.* MUNICIPAL COURT OF HUMACAO, HON. JOSÉ DÁVILA ORTIZ, JUDGE, Respondent; SOTERO HERNÁNDEZ ET AL., Interveners.

No. 9912. Argued April 4, 1949.—Decided April 14, 1949.

*Francisco González, Jr.* for appellants. *Faustino R. Aponte* for interveners, plaintiffs in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Sotero Hernández and María Lebrón brought, in the Municipal Court of Humacao, an action for nullity of a deed of conveyance against Sotero Hernández Lebrón and Modesta Serrano. On August 23, 1948, said court rendered judgment sustaining the complaint. On that same day the clerk served notice of the judgment to the parties by mail and on that same date filed with the record the corresponding notification. On September 4 following the defendants filed in the municipal court a notice of appeal from said judgment to the district court. The plaintiffs then prayed the Municipal Court to declare void the notice of appeal, since said notice had been filed after the expiration of the statutory period. On October 1, the Municipal Court entered an order declaring void said notice of appeal and leaving in full force and effect the judgment rendered.[1]

---

[1] Section 2 of Act of March 11, 1908 (Sess. Laws, p. 168), provides that "The presentation of such notice of appeal to the Secretary of the Municipal Court shall have the effect of staying execution of the judgment. If however the appellant fails within the ten days above mentioned to serve a copy of the notice of appeal on the opposite party or his attorney, such notice so presented to the Secretary of the Municipal Court shall be annulled by the Judge of the Municipal Court on motion of the opposite party."

To review the order thus entered by the municipal court the defendants applied to the District Court of Humacao for a writ of certiorari. The corresponding writ was issued by the district court and subsequently said writ was discharged as said court considered that even assuming that Rule 6 (e) of the Rules of Civil Procedure was applicable to appeals taken from municipal courts to district courts, the same did not enlarge the term of 10 days prescribed by law. The defendants have appealed to this Court from the judgment rendered by the district court. They now solely contend that "The District Court of Humacao erred in considering that the notice of appeal was filed after the expiration of the time for appeal."

Section 1 of Act of March 11, 1908 as amended by Act No. 2 of March 14, 1929 (Sess. Laws, p. 122), provides that any party who considers himself aggrieved may appeal to the district court for the judicial district in which the municipal court is situated and that the appeal shall be made by serving written notice thereof upon the secretary of the municipal court within the ten days following that on which notice of judgment shall be served; that in all cases where an appeal may be taken, it shall be the duty of the secretary of the court to send to the aggrieved party, or to his attorney, upon the rendering of such appealable judgment or decision, a written notice informing said aggrieved party that such judgment or decision has been rendered; and that "a copy of said notice shall be filed with the record of the case. *The time for the filing of the appeal shall begin to be counted from the date on which such notice was filed.*" (Italics ours.) As the judgment of the Municipal Court of Humacao was entered on August 23, 1948, and the clerk, on that same day, filed with the record copy of the notice served on the aggrieved party, it is unquestionable that the 10–day period prescribed by law started to run from that date. The

notice of appeal to the District Court of Humacao, as we have already stated, was not filed until September 4, 1948 or that is, twelve days after the clerk of the municipal court had filed with the record copy of the notice of the judgment.

▆ The appellants contend, however, that as Rule 6(e) of the Rules of Civil Procedure provides that "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period," the notice of appeal was timely filed by them.

The only question to be decided in the instant case is therefore whether the notice of appeal having been made in the above-mentioned manner, the three days mentioned in said rule should be added to the period for appeal prescribed by law.

An examination of our Rules of Civil Procedure as a whole, shows that in Chapter IX and under the title of Appeals it is set forth that there are no Rules from 72 to 76 inclusive. This clearly shows that our Rules of Civil Procedure fail to contain any provision regarding the procedure to be followed in appeals and that, hence, nothing provided therein is applicable to such appeals. Rule 6(e) could not have had therefore the purpose of enlarging the period for appeal prescribed by law.

Referring to Rule 77(d) of Federal Rules of Civil Procedure, which is identical to Rule 77(d) of our Rules, the textwriter Moore in his work Federal Practice, states in vol. 2, 2d ed. (1948), at p. 1452, that "the time for appeal is not enlarged by any service by mail. Rule 6(e) has no application." So that not even under the Federal Rules the period for appeal is enlarged when notice of the service of the entry of the judgment is made by mail.

Since the notice of appeal was filed in the municipal court after expiration of the term of 10 days prescribed by law, the lower court acted correctly in rendering judgment in the manner it did.

The judgment appealed from must be affirmed.